Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendant James Varga, III

# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re: James Varga III, Debtor, | Case No. 21-41656-elm |
| | Chapter 7 |
| William T. Neary, Plaintiff | |
| v. | Adversary No. 21-04083 |
| James Varga III, Defendant | |

## DEFENDANT'S AMENDED ANSWER

Defendant James Varga III files his Amended Answer to the Complaint Objecting to Discharge filed by William T. Neary, the United States Trustee for Region 6, on December 21, 2021. Mr. Varga representing himself *pro se* timely filed his original answer on January 19, 2022. Mr. Varga amends his answers to the Complaint as follows:

### Admissions & Denials

1.  Varga admits the allegations in paragraph 1.

2.  Varga admits the allegations in paragraph 2.

3.  Varga admits the allegations in paragraph 3.

4.  Varga admits the allegations in paragraph 4.

5.  Varga admits the allegations in paragraph 5.

6.  Varga admits the allegations in paragraph 6.

7.  Varga admits the allegations in paragraph 7.

8.      Varga admits the allegations in paragraph 8.

9.      Varga admits the allegations in paragraph 9.

10.     Varga admits the allegations in paragraph 10.

11.     Varga admits the allegations in paragraph 11.

12.     Varga admits the allegations in paragraph 12.

13.     Varga admits the allegations in paragraph 13.

14.     Varga admits the allegations in paragraph 14.

15.     Varga admits the allegations in paragraph 15.

16.     Varga admits the allegations in paragraph 16.

17.     Varga admits the allegations in paragraph 17.

18.     Varga admits the allegations in paragraph 18.

19.     Varga admits the allegations in paragraph 19.

20.     Varga admits the allegations in paragraph 20.

21.     Varga admits the allegations in paragraph 21.

22.     Varga admits the allegations in paragraph 22.

23.     Varga admits the allegations in paragraph 23.

24.     Varga admits the allegations in paragraph 24.

25.     Varga admits the allegations in paragraph 25.

26.     Varga admits the allegations in paragraph 26.

27.     Varga admits the allegations in paragraph 27.

28.     Varga admits the allegations in paragraph 28.

29.     Varga admits the allegations in paragraph 29.

30.     Varga admits the allegations in paragraph 30.

31.     Varga admits the allegations in paragraph 31.

32.     Varga admits the allegations in paragraph 32.

33.     Varga admits the allegations in paragraph 33.

34.     Varga admits that Isabel Portillo is listed as the registered agent, but denies the allegation that Varga is listed as a member of Sparkit! Sales & Marketing Agency, LLC as described in paragraph 34.

35.     Varga admits the allegations in paragraph 35.

36.     Varga admits the allegations in paragraph 36.

37.     Varga admits the allegations in paragraph 37.

38.     Varga admits the allegations in paragraph 38.

39.     Varga admits the allegations in paragraph 39.

40.     Varga admits the allegations in paragraph 40.

41.     Varga admits the allegations in paragraph 41.

42.     Varga admits the allegations in paragraph 42.

43.     Varga admits the allegations in paragraph 43.

44.     Varga admits the allegations in paragraph 44.

45.     Varga admits the allegations in paragraph 45.

46.     Varga admits the allegations in paragraph 46.

47.     Varga admits the allegations in paragraph 47.

48.     Varga admits that his original Petition contained the name, James Varga. Nevertheless, Mr. Varga provided his attorney Richard F. Tallini with other names he used in the past eight years including Jimmy Varga, Jimmy Varga III, James Varga III, and Jim Varga before filing the Petition. All other allegations in paragraph 48 are denied.

49.    Varga admits the allegations in paragraph 49.

50.    Varga admits the allegations in paragraph 50.

51.    Varga admits the allegations in paragraph 51.

52.    Varga admits the allegations in paragraph 52.

53.    Varga admits the allegations in paragraph 53.

54.    Varga admits the allegations in paragraph 54.

55.    Varga admits the allegations in paragraph 55.

56.    Varga admits the allegations in paragraph 56.

57.    Varga admits that his original schedules A/B listed $175,816 for the value of his home. However, Varga provided attorney Richard F. Tallini with the value of $55,000 for his home before filing the schedules. All remaining allegations in paragraph 57 are denied.

58.    Varga admits the allegations in paragraph 58.

59.    Varga admits the allegations in paragraph 59.

60.    Varga admits the allegations in paragraph 60.

61.    Varga incorporates the responses contained in paragraphs 1 through 60.

62.    Paragraph 62 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 62.

63.    Paragraph 63 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 63.

64.     Paragraph 64 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 64.

65.     Paragraph 65 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 65.

66.     Paragraph 66 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 66.

67.     Varga partially admits and partially denies the allegations contained in paragraph 67. Specifically, Varga admits that he seeks a discharge of $13.6 million in unsecured debt, and that most of this debt arose from his pre-petition business dealings but denies all other allegations in paragraph 67.

68.     Varga denies the allegations in paragraph 68.

69.     Varga denies the allegations in paragraph 69.

70.     Varga partially admits and partially denies the allegations contained in paragraph 70. Specifically, Varga admits that he conducts business under the names Jimmy Varga and James Varga, III and that these two names were not listed on his petition. Varga denies all other allegations contained in paragraph 70.

71.     Varga admits the allegations in paragraph 71.

72.     Varga admits the allegations in paragraph 72.

73.     Varga admits the allegations in paragraph 73.

74.     Varga denies the allegations in paragraph 74.

75.    Varga admits that he testified at the 2004 examination that he was a 1099 employee of

and did not have an ownership interest in Sparkit! Marketing & Advertising, LLC. All other

allegations in paragraph 75 are denied.

76.    Varga is without knowledge or information sufficient to form a belief as to the truth of

paragraph 76.

77.    Varga admits the allegations in paragraph 77.

78.    Varga denies the allegations in paragraph 78.

79.    Varga partially admits and partially denies the allegations contained in paragraph 79.

Varga admits he received funds of $45,000 into his personal bank account but denies all other

allegations in this paragraph.

80.    Varga admits the allegations in paragraph 80.

81.    Varga admits the allegations in paragraph 81.

82.    Varga denies the allegations in paragraph 82.

83.    Varga partially admits and partially denies the allegations contained in paragraph 83.

Specifically, Varga admits that his SOFA and Amended SOFA were marked "no" in response to

questions asking about storage united held for others but denies all other allegations in this

paragraph.

84.    Varga admits the allegations in paragraph 84.

85.    Varga admits that a computer server was stored at a secure IT facility and that this

computer server was not listed in his statements but denies all other allegations contained in

paragraph 85.

86.    Varga admits the allegations in paragraph 86.

87.     Paragraph 87 of the complaint does not contain factual allegations and therefore no admission or denial is required. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 87.

88.     Varga denies the allegations in paragraph 88.

89.     Varga admits the allegations in paragraph 89.

90.     Varga denies the allegations in paragraph 90.

91.     Varga incorporates the responses contained in paragraphs 1 through 90.

92.     Paragraph 92 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, Varga denies the allegations in paragraph 92.

93.     Varga denies the allegations in paragraph 93.

94.     Varga admits denies the allegations in paragraph 94.

95.     Varga admits the allegations in paragraph 95.

96.     Varga denies the allegations in paragraph 96.

97.     Varga denies the allegations in paragraph 97.

98.     Varga admits the allegations in paragraph 98.

99.     Varga denies the allegations in paragraph 99.

100.    Varga denies the allegations in paragraph 100.

101.    Varga denies the allegations in paragraph 101.

**Further Response**

102.    Denial of a discharge is an "extreme remedy" and "should be administered only where the evidence clearly and convincingly proves wrongdoing."[1] To prevail in a denial of discharge

---

[1] *Hibernia Nat'l Bank v. Perez*, 124 B.R. 704, 706 (E.D. La. 1991).

action, the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contention of the claim is true.[2] This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

103.    Varga did not intend to make fraudulent omissions when he signed and filed his bankruptcy documents.

104.    Varga did not intend to hinder, delay, or defraud a creditor or officer of the estate when he omitted information from his bankruptcy documents.

105.    Varga provided much of the omitted information to his bankruptcy counsel or at least enough information that his bankruptcy counsel should have been able to properly disclose all the information that forms the basis for the U.S. Trustee's complaint.

106.    Furthermore, it appears that Mr. Varga's bankruptcy counsel did not ask him for much of the information that the United States Trustee claims are missing from his bankruptcy paperwork.

107.    Varga reasonably expected that his bankruptcy counsel had requested, received, and otherwise disclosed all the type of information this is required under applicable bankruptcy law. To the extent, such information was either not requested or not disclosed by his bankruptcy counsel, such omissions should not be considered intentional.  Furthermore, Varga should be entitled to amend and otherwise cure any such deficiencies.

108.    Varga reasonably relied on his bankruptcy counsel to prepare and file his bankruptcy documents.

---

[2] *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S. Ct. 2433, 2438 (1984).

109.    Any failure to disclose information on Varga's bankruptcy documents was based on the advice of counsel in good faith and the need to list this information was not obvious to Varga.[3]

110.    Moreover, Varga demonstrated a lack of fraudulent or wrongful intent in his actions after the filing of his false bankruptcy documents.

111.    He filed amended bankruptcy documents correcting false or misleading information.[4]

112.    And he testified openly and honestly at his creditor's 341 meeting and 2004 Examination, which resulted in the disclosure of the omissions that form the basis of the United States Trustee's complaint.

113.    Based on the circumstances in this case, Varga did not intentionally make a false oath or conceal any assets of the estate with the intent to hinder, delay, or defraud his creditors or an officer of the estate.

FOR THESE REASONS the Court should enter a judgment that the U.S. Trustee takes nothing, dismiss the suit with prejudice, and award the defendant all other relief the court deems appropriate.

---

[3] *See Hibernia*, 124 B.R. at 711 (the question of whether the debtor's salary needed to be listed was not obvious and the debtor followed the advice of his lawyer in good faith).

[4] Mr. Varga has engaged the unsigned counsel to make additional amendments to his bankruptcy documents. Upon Mr. Varga's approval, additional amendments will be made.

Respectfully submitted:


By: __/s/ Clayton L. Everett____
            Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendant James Varga III


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this January 19, 2023, served a true and correct copy of the above notice via ECF upon all parties receiving notice through the ECF system.


                _/s/ Clayton L. Everett_____